IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| WYKEYA WILLIAMS et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST STUDENT INC. et al.,<br><br>Defendants. | Civil No. 20-1176 (NLH/SAK) |

**OPINION AND ORDER**

This matter is before the Court by way of the Motion for Leave to Amend Answer ("Motion') [ECF No. 65] filed by Defendant, First Student Inc. ("Defendant"). The Court has received the opposition of all Plaintiffs ("Plaintiffs") [ECF Nos. 74, 75], and Defendant's reply [ECF Nos. 77, 78]. The Court exercises its discretion to decide Defendant's motion without oral argument. *See* FED. R. CIV. P. 78(b). For the reasons set forth herein, it is hereby Ordered that Defendant's Motion is **DENIED**.[1]

**DISCUSSION**

Plaintiffs' claims stem from a school bus accident involving minor children that occurred in Camden County, New Jersey. *See* Ex. A. Compl. of Def. Notice of Removal [ECF No. 1 at 8-33]. Plaintiffs are four family members consisting of a mother, father, and their two minor children. *Id.* at ¶¶ 1-3. Defendant is a business entity that provides busing services to schools, school districts, and students. *Id.* at ¶ 4. On October 26, 2017, the minor Plaintiffs were passengers

---

[1] This Order also addresses Plaintiffs' Motion to File a Sur-Reply [ECF No. 79] which in light of the Court's ruling on Defendant's motion, will be **denied as moot**.

on Defendant's bus. *Id*. at ¶ 10. Defendant's bus came to stop on a road facing a school bus operated by McGough Bus Company ("McGough Bus"), that was traveling in the opposite direction. *Id*. at ¶ 11. Both buses proceeded to unload children. *Id*. The minor Plaintiffs got off Defendant's bus, walked to the rear of the bus, and proceeded to cross the street. *Id*. at ¶ 12. Plaintiffs allege that prior to the minor children crossing the street, Defendant's bus driver turned off his red flashers and stop sign, and proceeded forward. *Id*. at ¶ 13. As a consequence, Plaintiffs allege, the McGough Bus believed all of the children had crossed the street, and the bus started to move forward. *Id*. at ¶ 14. One of the minor Plaintiffs was hit by the McGough Bus and suffered severe injuries, including amputation of his right leg. *Id*. at ¶ 16. The other minor witnessed the accident involving her brother. *Id*. at ¶ 18. The adult Plaintiffs were not present at the time of the accident. *See* Def.'s Mot. to Am. Answer at 4.

On October 25, 2019, the parents filed suit, individually and on behalf of their minor children, in the Court of Common Pleas of Philadelphia, Pennsylvania. *See* Ex. A. Compl. of Def. Notice of Removal at 6. Defendant removed the action to federal court in the Eastern District of Pennsylvania on November 15, 2019. *See* Notice of Removal [ECF No. 1 at 1-4]. Thereafter, the Eastern District of Pennsylvania transferred the case to this Court by Order dated January 21, 2020. *See* Order [ECF No. 18].

Defendant filed its first Answer with affirmative defenses on February 26, 2020. *See* Def.'s Answer [ECF No. 27]. Defendant filed its First Amended Answer on July 15, 2020. *See* Def.'s Am. Answer [ECF No. 37]. In the amended pleading, Defendant asserted additional affirmative defenses. Subsequently, on February 8, 2021, Defendant filed the instant motion to amend seeking leave of the Court to file a Second Amended Answer to Plaintiffs' complaint. *See* Motion. Defendant attached a clean copy and a marked-up version of its proposed Second Amended

Answer ("SAA") pursuant to L. Civ. R. 15.1(a). *See* Ex. H and I to Motion [ECF Nos. 65-3, at 6-39]. Defendant is seeking leave pursuant to Fed. R. Civ. P. 15(a) to assert counterclaims for contribution against the parents and one of the minor children involved in the accident. *See* Motion at 2. Defendant explains the purpose of the amendment is "to make clear to the court and plaintiffs at this early stage that First Student may to seek to apportion . . . potential comparative negligence to any of the other plaintiffs' claims on the verdict sheet at the time of trial". *Id.* at 7. Specifically, Defendant seeks to add the following four paragraphs labeled, "First Count" in its proposed SAA;

> 1. First Student invokes the provisions of the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., and all of their applicable provisions as they may by law or fact appear regarding the conduct of plaintiffs Wykeya Williams and Lamont Wilbert Hannah and the conduct of L.H. (a Minor Son).
>
> 2. If First Student is found liable with respect to the claims of plaintiffs Wykeya Williams and Lamont Wilbert Hannah, as Parents and Natural Guardians of L.H. (a Minor Son), then plaintiffs Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right, should also be held liable to the extent the conduct of plaintiffs Wykeya Williams and Lamont Wilbert Hannah is found to have contributed to the accident.
>
> 3. If First Student is found liable with respect to the claims of plaintiffs Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right, then plaintiffs Wykeya Williams and Lamont Wilbert Hannah, as Parents and Natural Guardians of L.H. (a Minor Son), should also be held liable to the extent the conduct of plaintiff L.H. (a Minor Son) is found to have contributed to the accident.
>
> 4. If First Student is found liable with respect to the claims of plaintiffs Wykeya Williams and Lamont Wilbert Hannah, as Parents and Natural Guardians of plaintiff L.H. (a Minor Daughter), then plaintiffs Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right, and plaintiffs Wykeya Williams and Lamont Wilbert Hannah, as Natural Guardians of plaintiff L.H. (a Minor Son), should also be held liable to the extent the conduct of plaintiffs Wykeya Williams and Lamont Wilbert Hannah and the conduct of L.H. (a Minor Son) is found to have

contributed to the accident.

*See* SAA [ECF Nos. 65-3, at 20-21, 37-38].

Plaintiffs filed their opposition to Defendant's Motion on March 1, 2021. *See* Plt.'s Resp. and Opp'n [ECF No. 74].[2] Plaintiffs argue Defendant's proposed SAA is futile and the counterclaim could not survive a 12(b)(6) motion because the proposed SAA: (1) does not satisfy the threshold procedural requirements of Fed. R. Civ. P. 8(a)(2), (2) fails to plead basic allegations of comparative negligence, (3) is barred against the minor based on New Jersey Child Immunity, and (4) is barred against the parents based on the New Jersey Parental Immunity Doctrine. *Id*. Defendant filed a reply brief contesting all of Plaintiffs' claims. *See* Def.'s Resp. [ECF No. 77]. Specifically, Defendant argues: (1) it complied with all requirements of Rule 15(a) because Plaintiffs are on notice and do not argue undue delay, bad faith, or prejudice, (2) that its counterclaims are not futile because they are plausible, (3) Defendant should be allowed to seek evidence to rebut the presumption of child immunity, and (4) Defendant should be allowed to seek evidence to show parental liability. *Id*.

**ANALYSIS**

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend pleadings "shall be freely given when justice so requires." A court should allow a party to amend its pleading so long as there is no undue delay, bad faith, dilatory motive, undue prejudice or futility of the amendment. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). This liberal standard also extends to a party's right to amend an answer to a complaint. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981)). Absent undue or substantial prejudice . . . [denial must] be grounded in bad faith or

---

[2] Exhibits to Plaintiffs' Opposition were filed under seal and a redacted version is provided under ECF No. 75.

4

dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Id.* at 400 (quoting *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)).

As a preliminary matter, the Court is not persuaded by Plaintiffs' argument that Defendant failed to follow the technical requirements of Local Rule 15.1. It is well understood that Fed. R. Civ. P. 15 is based on a strong public policy that cases be decided on the merits and not on pleading technicalities. *Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 688 (E.D. Pa. 2001) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Here, the fact that Defendant altered its proposed amended pleading to remove claims against a party, is not prejudicial to Plaintiffs. Likewise, Plaintiffs' objections to the proposed pleading remain unchanged. As highlighted by Defendant, Plaintiffs have not argued bad faith, dilatory motive, or undue delay in their opposition. Rather, Plaintiffs' objections to Defendant's motion are grounded in futility. Plaintiffs argue that Defendant's proposed SAA is futile because it does not satisfy basic procedural requirements of Fed. R. Civ. P. 8(a)(2). The Court agrees and will only address the futility of Defendant's pleading.

In assessing futility, the District Court applies the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6). *Travelers Indemnity Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (citation omitted), *see also, Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (an amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted); *Bao Yu Yang v. Somchai & Co. Inc*, No. 19-12742, 2020 WL 6689759, at *3 (D.N.J. Nov. 13, 2020) (quoting *Cnty. of Hudson v. Janiszewski*, 351 Fed. App'x 662, 667–68 (3d Cir. 2009) ("The standards for a properly pled complaint [ ] by extension apply to counterclaims.")). For this analysis, the court will only

consider the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon the same. *Standard Fire Ins. Co. v. MTU Detroit Diesel, Inc.*, No. 07-3827, 2010 WL 1379751, at *3 (D.N.J. Mar. 30, 2010) (citing *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Pursuant to Fed. R. Civ. P. 8(a)(2), a pleader must provide a "short and plain statement of the claim showing that the pleader is entitled to relief". *Id*. The court must accept as true, all well-pled factual allegations raised in a movant's pleadings, and must determine whether the facts as alleged, raise a facially plausible claim on the grounds asserted. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). A pleading need not provide detailed factual allegations but must provide facts sufficient to show a plausible cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard requires showing "more than a sheer possibility that a [party] has acted unlawfully". *Burthch v. Milberg Factors, Inc.*, 662 f.3d 212, 221 (2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557). Where plausible fact allegations support each element of the proposed claim, the amendment is not futile. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). However, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Upon a review of Defendant's proposed SAA, the Court finds that Defendant has not provided factual allegations sufficient to show a plausible cause of action. Critically, Defendant's proposed SAA contains no factual framework. Defendant does not state what, if any, alleged conduct by Plaintiffs could have contributed to the accident. Rather, Defendant simply state if it is found liable, then Plaintiffs should also be liable "to the extent [their] conduct is found to have

contributed to the accident". *See* Def.'s SAA. Defendant's assertions amount to no more than a "formulaic recitation of the elements of" claims for contribution and that "will not do". *Twombly*, 550 U.S. at 555. There are no factual allegations pled to support the Defendant's counterclaim. Therefore, as Defendant have not provided the Court with any "plausible fact allegations [to] support each element of [its] proposed claim", the proposed SAA is futile. The Court need not address the futility of the claims under New Jersey immunity doctrines as Defendant's proposed amendment has failed the pleading requirements.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Leave to Amend is hereby Denied, without prejudice.

**IT IS THEREFORE ORDERED** this **15th** day of **July 2021**, that Defendant's Motion for Leave to Amend [ECF No 65] is **Denied**, without prejudice; it is further

**ORDERED** that Plaintiffs' Motion for Leave to File a Sur-Reply [ECF No. 79] is **Denied as moot.**

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge