[ECF No. 148]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **WYKEYA WILLIAMS et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**FIRST STUDENT, INC. et al.,**<br><br>Defendants. | Civil No. 20-1176 (CPO/SAK) |

## OPINION AND ORDER

This matter is before the Court on Defendant First Student, Inc.'s "Motion for Leave to Amend Answer" [ECF No. 148]. The Court received the opposition filed by Plaintiffs Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right, and as parents and natural guardians on behalf of L.H. (a minor son) and L.H. (a minor daughter) (collectively, "Plaintiffs") [ECF No. 154]. The Court also received Defendant's reply [ECF No. 157]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Defendant's motion is **GRANTED**.

**I.     BACKGROUND**

The parties are well familiar with the factual background and procedural history of the case so only the most salient points will be set forth herein. The instant action arises out of an incident that occurred on October 26, 2017 in Camden, New Jersey, in which Plaintiff L.H. (a minor son) (hereinafter, "L.H.") was struck by a school bus after disembarking from another school bus owned by Defendant. *See* Compl. ¶¶ 10–16 [ECF No. 1]. As a result, L.H. suffered serious injuries that

ultimately necessitated the amputation of his right leg. *See id.* At the time of the accident, L.H. was six years of age.

Plaintiffs initiated this action in Pennsylvania state court and the case was later removed to this Court. Upon removal, Defendant filed its initial Answer [ECF No. 27] asserting, *inter alia*, an affirmative defense of comparative negligence against all Plaintiffs. Defendant subsequently filed its First Amended Answer ("FAA") [ECF No. 37] on July 15, 2020. On February 8, 2021, Defendant moved for leave to amend the FAA seeking to assert counterclaims for contribution pursuant to New Jersey state law against Plaintiffs Wykeya Williams, Lamont Wilbert Hannah, and L.H. (a minor son). *See* First Mot. [ECF No. 65]. The Court denied Defendant's first motion without prejudice due to Defendant's failure to satisfy federal pleading standards. *See* Op. & Order, July 16, 2021 [ECF No. 127]. More specifically, the Court found the proposed amendment failed to plead sufficient factual matter to give rise to a plausible cause of action. *See id.* at 6–7. Thus, the instant motion constitutes Defendant's second attempt to amend its FAA.

Defendant's renewed request seeks to amend the FAA in the very same manner as its first motion, albeit with the addition of factual allegations.[1] Attached to Defendant's renewed motion are two copies of its proposed Second Amended Answer ("SAA"), including a marked-up version consistent with Local Civil Rule 15.1(a)(2). *See* ECF Nos. 148-12, 148-13. Despite L.H.'s tender age, Defendant contends the record demonstrates, at least plausibly, that his alleged negligent conduct contributed to the accident. *See* Proposed SAA at 15. With respect to L.H.'s parents, Defendant appears to assert counterclaims for contribution based on a theory of alleged negligent

---

[1] Defendant seeks to assert counterclaims for contribution against Plaintiff Williams, Hannah, and L.H. (a minor son) pursuant to the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, *et seq.*, and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq.* Defendant does not seek to add a counterclaim against Plaintiff L.H. (a minor daughter). *See* Mot. Br. at 2, n.1 [ECF No. 148-3].

2

supervision. *See id.* Having pled factual matter in support of these claims, Defendant argues that its motion should be granted.

In their opposition, Plaintiffs contend that Defendant's amendment is futile and would not survive a 12(b)(6) attack due to procedural and substantive deficiencies. *See* Opp'n at 2. Plaintiffs maintain the proposed amendment is likely barred by immunity and evidentiary presumptions and otherwise still fails to meet federal pleading standards. *See id.* at 2–7. Procedurally, Plaintiffs aver the proposed counterclaims do not provide sufficient factual allegations supporting each element of comparative negligence against Plaintiffs and consequently, fail to put the reader on fair notice. *See id.* Substantively, Plaintiffs contend the proposed amendment fails to rebut the presumption against negligence as to L.H.[2] They also contend that the parental immunity doctrine operates as an outright bar to the proposed counterclaims against L.H.'s parents. *See id.* at 7–9. Accordingly, Plaintiffs argue the motion must be denied.

In its reply, Defendant asserts that the proposed amendment is not futile because it must be allowed to rebut the presumption of the minor son's negligence and establish that his parents are not protected by the parental immunity doctrine. *See* Reply at 2. Defendant notes Plaintiffs do not argue undue delay, bad faith, or prejudice, and instead, rest their opposition on the issue of futility. *See id.* As such, Defendant contends it has cured any defects found in its prior attempt to amend and that its proposed amendment now meets federal pleading standards. *See id.* at 3. Likewise, Defendant asserts Plaintiffs' remaining arguments are premature at this stage because it is entitled to offer evidence in support of the proposed counterclaims—both to rebut the presumption that the

---

[2] Plaintiffs suggest nothing in the record supports rebutting the presumption and that, as Defendant "even admits," it had not yet deposed Plaintiff L.H. (a minor son) at the time it filed the motion. *Id.* at 8. Therefore, Plaintiffs argue it "cannot offer any facts so as to rebut the presumptions." *Id.* Defendant objects to this argument, however, contending Plaintiffs fail to acknowledge that they adjourned the deposition on two separate occasions and that, as of filing its reply, it was scheduled to take place on November 2, 2021. *See* Reply at 4.

minor son is incapable of negligence and to establish that the parental immunity doctrine does not apply to his parents under the facts of this case. *See id.* at 4.

## II.   DISCUSSION

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: '[t]he court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019).  This liberal standard "reflects the general presumption in favor of allowing a party to amend its pleadings." *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3d Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Accordingly, leave to amend should be freely granted in the absence of undue delay or bad faith, provided the amendment would not be futile. *Foman*, 371 U.S. at 182; *see Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017); *United States ex rel. Thomas v. Siemens AG*, 593 F. App'x 139, 144 (3d Cir. 2014) (citation omitted) ("A motion to amend a complaint is committed to the sound discretion of the district court.").

"'Futility' means the pleading, as amended, would fail to state a claim upon which relief could be granted," and is analyzed under the same standard of legal sufficiency as a Rule 12(b)(6) motion to dismiss. *Evans v. City of Philadelphia*, 763 F. App'x 183, 185–86 (3d Cir. 2019) (citation omitted).  The Court's inquiry is whether the proposed pleading sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although a pleading does not need detailed factual allegations to survive a 12(b)(6) attack, Rule 8 demands more than just labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim on the merits." *Foman*, 371 U.S. at 182;

4

*see Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990) (concluding "[t]his approach ensures that a particular claim will be decided on the merits rather than on technicalities").

Plaintiffs argue Defendant has failed to cure the deficiencies that necessitated the denial of its first motion to amend and, therefore, Defendant's instant motion seeking leave to reassert those same counterclaims must be denied as futile. For the reasons that follow, the Court disagrees and finds the proposed amendment satisfies federal pleading standards and is not otherwise prohibited at this juncture by claims of immunity or evidentiary presumptions. As such, the Court will grant Defendant's motion and afford it the opportunity to test the proposed SAA on its merits.

Unlike Defendant's first motion, here, the instant motion's proposed amendment includes a separate section that is titled "Factual Background" within Defendant's proposed counterclaims. Specifically, Defendant alleges as follows:

> 1. On October 26, 2017, plaintiff L.H. (a Minor Son) and his sister plaintiff L.H. (a Minor Daughter) disembarked a First Student bus after school at their bus stop in Camden, New Jersey.
>
> 2. On that date, Plaintiffs Wykeya Williams and Lamont Wilbert Hannah (collectively, "plaintiff parents") were required by way of signed application with the City of Camden and/or Leap Academy Charter School to be present at the time plaintiff L.H. (a Minor Son) disembarked the First Student bus.
>
> 3. Despite this requirement, plaintiff parents were not present at the time the plaintiff L.H. (a Minor Son) disembarked the First Student bus on the afternoon of October 26, 2017.
>
> 4. After disembarking from the First Student vehicle without his parents present, plaintiff L.H. (a Minor Son) walked on the sidewalk towards the back of the bus.
>
> 5. Shortly thereafter, without regard to his surroundings, and acting unreasonably in light of plaintiff L.H.'s (Minor Son) age, training, and judgment, plaintiff L.H. (a Minor Son) thereafter dashed and/or ran across the street outside of a cross-walk, and was struck by a McGough Bus Company bus that was being operated by McGough Bus Company driver Heniya Cole.

Proposed SAA at 14.  The omission of any factual allegation was fatal to Defendant's last motion.  Here, however, the Court finds Defendant has satisfied Rule 8's pleading standard and set forth sufficient facts to state counterclaims that are, at a minimum, plausible on their face.

As Defendant notes in its reply, Plaintiffs opposition is restricted solely to the issue of futility.  In this regard, Plaintiffs argue the proposed SAA is either futile because it (1) fails to meet Rule 8's pleading standard, or (2) is otherwise barred by New Jersey's parental immunity doctrine and evidentiary presumption that minors under the age of seven are incapable of negligence. *See* Opp'n at 2–10.  Having already found the proposed SAA cures the deficiencies noted by the Court in its prior decision denying Defendant's first motion, *see* First Mot.; Op. & Order, July 16, 2021, the only remaining arguments to be addressed are Plaintiffs' substantive arguments.

Generally speaking, the parental immunity doctrine shields parents from liability in cases of negligent supervision, but not in cases where the parent willfully or wantonly fails to supervise his or her children. *See generally Buono v. Scalia*, 179 N.J. 131, 136 (2004) (citing *Foldi v. Jeffries*, 93 N.J. 533, 549 (1983)).  Further, the doctrine is only applicable in "special situations that involve the exercise of parental authority or customary child care." *Id.* (quoting *Foldi*, 93 N.J. at 551).  "[I]f a parent's conduct does not implicate legitimate child-rearing issues, but simply places a third party negligently at risk, then there would be no immunity." *Id.* (quoting *Mancinelli v. Crosby*, 589 A.2d 664 (N.J. Super. Ct. App. Div. 1991); *see, e.g.*, *Thorpe v. Wiggan*, 963 A.2d 375, 380 (N.J. Super. Ct. App. Div. 2009) (finding a father's conduct in leaving his four-year-old child in a smoke-filled car, strapped in with no escape, was not a matter of customary child care).

Here, the Court finds it is unable to determine at this juncture whether the parent-Plaintiffs are precluded from liability as a matter of law.  While the parties do not dispute the fact the parents were not present at the time of the incident involving their minor son, numerous factual disputes

6

preclude the Court from rendering a decision on this issue, one way or the other, at this time. More specifically, while Plaintiffs argue the doctrine "unequivocally bars" counterclaims against them, they largely gloss over the many subtle complexities inherent in its application. *See* Opp'n at 8–9. Furthermore, while the counterclaims against the parents read as claims of negligent supervision, Defendant's proposed SAA expressly alleges the parent-Plaintiffs were required to be present at the time of the accident. While this allegation entails one of the many contested facts in this case; in accepting the allegation as true for purposes of this motion, the Court cannot say that Defendant has failed to state a claim that is plausible on its face.[3] *See Youn Wha Jung v. Vill. of Ridgewood*, No. A-4007-11T2, 2014 WL 7483599, at *13 (N.J. Super. Ct. App. Div. Jan. 8, 2015) ("A parent's disregard of a statute, ordinance, regulation, or rule intended to safeguard a child is fundamentally different from a parent's determination that a child is mature enough and sufficiently capable to participate in an activity either with limited or no parental supervision.").

Similarly, the Court is unable to conclude at this stage of the proceeding whether Defendant's proposed counterclaim against L.H. is futile. Unlike the parental immunity issue, a rebuttable presumption is just that, and therefore, may be rebutted. Here, the Court is satisfied that Defendant has set forth sufficient factual allegations to support its counterclaim against the minor Plaintiff, as required by Rule 8, even it is ultimately unable to successfully rebut the presumption against negligence. *See, e.g.*, *Wilson v. PNC Bank Nat'l Ass'n*, No. 21-1131, 2021 WL 3185798, at *4 (D.N.J. July 28, 2021) (finding it was "premature" to grant a motion to dismiss certain claims for failing to provide sufficient evidence to rebut a presumption of payment ).

---

[3] To be clear, the Court is not weighing in of the merits of Defendant's proposed counterclaims or the defenses asserted by Plaintiffs. The Court is merely ruling that, for purposes of this motion, Defendant's proposed amendment does not fail to state a claim upon which relief may be granted.

Given the fact-intensive inquiries involved in assessing the application or abrogation of the parental immunity doctrine, and rebutting a presumption against negligence, the Court finds that it is unable to conclude the proposed SAA is futile, and therefore, will grant Defendant's motion. The Court finds this conclusion works to the benefit of all parties, since both sides can be assured their claims will be decided on their merits rather than a technicality. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990).

## **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** this **10th** day of **December**, **2021**, that Defendant's motion to amend answer [ECF No. 148] is **GRANTED**; and it is further

**ORDERED** that Defendant shall file the Second Amended Answer in the form attached to the motion by **December 23, 2021**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.