**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CHRISTINE P. O'HEARN**<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN BUILDING<br>& U.S. COURTHOUSE<br>4TH & COOPER STREETS<br>ROOM 6050<br>CAMDEN, NJ 08101<br>856-757-5167 |

**October 13, 2022**

**VIA CM/ECF**
John J. Urban, Esquire
VINCENT J. CIECKA, P.C.
5709 Westfield Avenue
Pennsauken, NJ 08110

Andrew J. Kornblu, Esquire
Charles W. Esquire
Diane J. Ruccia, Esquire
Lauren McGovern, Esquire
Rachel M. Shields, Esquire
LANDMAN, CORSI, BALLAINE & FORD, P.C.
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103

**LETTER OPINION**

  Re: **Wykeya Williams, *et al.* v. First Student, Inc.**
     **Civil Action No. 1:20-cv-01176**

Dear Counsel:

  This matter comes before the Court by way of an Appeal of a Magistrate Judge Decision, (ECF No. 219), and Motion to Stay the Scheduling Order Regarding Social Media Production, (ECF No. 220), filed by the Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right, and as Parents and Natural Guardians on behalf of L.H. (a Minor Son) and L.H. (a Minor Daughter) ("Plaintiffs"). The Court did not hear oral argument pursuant to Local Civil Rule 78.1. For the reasons that follow, both the Appeal and the Motion are denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

This matter arises from an August 22, 2022 Order of United States Magistrate Judge, Sharon A. King. (ECF No. 212). In that Order, the Magistrate Judge ordered Plaintiffs to "reproduce to Defendant their March 22, 2022 production of Plaintiff L.H.'s (a minor daughter) social media account in native file format, consistent with paragraph 9 of the parties' Consent Order [ECF No. 129]." (ECF No. 212) ("Consent Order"). A review of the transcript of the hearing preceding the order makes clear that the only issue the Magistrate Judge considered and decided was the Defendants' objections to the format in which Plaintiffs' production of social media discovery (specifically, Instagram posts) was made. (ECF No. 215). Plaintiffs produced the minor Plaintiffs' social media postings in PDF format which precluded Defendants' experts from viewing or playing JPEGS or videos contained in the postings. As a result, Defendants requested the files be reproduced in native format. (ECF No. 215 at 4-5).

Of particular significance, is that the parties previously entered into a "Social Media Production Consent Order" (ECF No. 129) on July 20, 2021 that set forth the agreed upon parameters for discovery of social media of the minor Plaintiffs which included the agreement that "all social media information, messages, emails and forensic data for any and all social media platforms shall be produced in a useable, electronic format that provides a "timeline" and context between images, videos, and messages/posts…." (ECF No. 129 at par. 9). Plaintiffs argued that requiring the production in native format would make it difficult for them to remove non-relevant postings. (ECF No. 215 at 7).

The Magistrate Judge held that the provision of the social media files in PDF format, which precluded the viewing of videos, was a violation of the Consent Order since the files were not in a useable format. (ECF No. 215). The Magistrate Judge dismissed any argument as to the burden of reviewing the discovery in native format prior to production as insignificant particularly when weighed against the importance of the discovery to the case. (ECF No. 215 at 9–10). The Magistrate Judge determined that the information was "highly relevant considering the claims being made by the plaintiff," noting that "[t]his is a case of substantial injury; a minor child's leg was amputated, so it is a case of significance and high value." (ECF No. 215 at 9). The Magistrate Judge further determined that the request to produce the discovery in native format was proportional to the needs of the case." (ECF No. 215 at 10).

## II. LEGAL STANDARD

"A United States Magistrate Judge may 'hear and determine any [non-dispositive] pretrial matter pending before the court.'" *Cardona v. General Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). This Court exercises appellate review over the orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure ("Federal Rule") 72(a), and Local Civil Rule 72.1(c). On appeal from such an order, the scope of this Court's review is narrow. Matters referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) are subject to two standards of review: (1) a clearly erroneous or contrary to law standard for non-dispositive matters, and (2) a *de novo* standard for dispositive matters. *NLRB v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

A ruling is clearly erroneous where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A ruling is 'contrary to law' when the magistrate judge has misinterpreted or misapplied the applicable law." *Romero v. Ahsan*, No. 13-7695, 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).

An order regarding a discovery issue is considered a non-dispositive matter and is reviewed for abuse of discretion. *Virginia St. Fidelco, L.L.C. v. Orbis Prod. Corp.*, No. 11-2057, 2018 WL 1399304, at *2 (D.N.J. 2018); *see also Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) (noting the standard when reviewing a magistrate judge's decision denying discovery is for abuse of discretion); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984) ("[Q]uestions concerning the scope of discovery are among those matters which should be almost exclusively committed to the sound discretion of the district court."). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007) (quoting *SEC v. Infinity Group Co.*, 212 F.3d 180, 195 (3d Cir. 2000)).

As the party filing the appeals, Plaintiffs bear the burden of demonstrating that the Magistrate Judge's decision was clearly erroneous, an abuse of discretion, or contrary to law. *Supernus Pharms., Inc. v. Actavis, Inc.*, No. 13-4740, 2014 WL 654594, at *1 (D.N.J. Feb. 20, 2014) (citing *Montana v. Cty. of Cape May Bd. of Freeholders*, No. 09-0755, 2013 WL 5724486, at *1 (D.N.J. Oct. 18, 2013)). "Unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently." *Evans v. Emp. Ben. Plan*, No. 03-4915, 2007 WL 77325, at *1 (D.N.J. Jan. 8, 2007) (citing *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000) ("A district judge's 'simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review.'")); *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994).

The Court has reviewed the parties' submissions, the decision by the Magistrate Judge, including the transcript of the August 22, 2022 proceeding, and for the reasons set forth below, denies both the Appeal and the Motion.

### III.   ANALYSIS

#### A. Appeal of Magistrate Judge Decision

As a preliminary matter, Plaintiffs mischaracterize the decision of the Magistrate Judge and cite the incorrect standard of review. Plaintiffs state they seek reconsideration of the Magistrate Judge's "recommendations/proposed findings of fact regarding the overly broad production of Plaintiffs' social medial and files these objections, as authorized by Fed. R. Civ. P. 72(b)(2)." (ECF No. 219 at 2). However, Federal Rule of Civil Procedure 72(b)(2) provides for objections to be filed with respect to a recommended disposition of "Dispositive Motions and Prisoner Petitions." This is clearly not applicable to the August 22, 2022 Order of the Magistrate Judge related to a discovery dispute in this case. Rather, this was a decision on a non-dispositive matter and, thus,

review by this Court is governed by Fed. R. Civ. P. 72(a). Applying the proper standard, the Court easily finds that the Magistrate Judge's decision was not clearly erroneous, an abuse of discretion, or contrary to law.

While Plaintiffs' moving papers assert they are appealing the August 22, 2022 Order of the Magistrate Judge, the arguments contained in their brief focus almost entirely on the fact that they believe that the social media discovery ordered is "unfettered," "invasive," "without regard to any time limit," and constitutes a "fishing expedition." (ECF No. 219). However, Plaintiffs simply ignore the fact that they agreed to produce social media of the minor Plaintiffs when they entered into the Consent Order. It is the Consent Order that sets forth the parameters of the social media discovery to be provided. The Court is at a loss to understand how Plaintiffs now argue the discovery they agreed to produce more than a year earlier in July 2021, is overbroad and a fishing expedition. Plaintiffs made no argument before the Magistrate Judge on these grounds. Rather, Plaintiffs' arguments related only to the format in which the discovery should be produced. Thus, the only issue properly before the Court is the August 22, 2022 order of the Magistrate Judge requiring Plaintiffs to produce the previously agreed upon social media discovery in native format.

Fed. R. Civ. Proc. 34(E)(ii) specifically states that a party must produce electronically stored information in a form that is "reasonably usable." That is consistent with the terms of the Consent Order in this case. Further, courts routinely order electronic discovery to be produced in native format and there is nothing whatsoever about this case or the Magistrate Judge's Order that is clearly erroneous, an abuse of discretion, or contrary to law. *Palmer v. York Cnty., Pa.*, No. 20-539, 2022 WL 4473595, at *7 (M.D. Pa. Sept. 26, 2022) (explaining that requests that records be produced in native format "are an increasingly familiar aspect of discovery in this modern information technology era."); *see, e.g.*, *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 109 (E.D. Pa. 2010) (granting plaintiffs' motion to compel finding they were "entitled to have documents produced in native format").

As such, Plaintiffs' appeal of the August 22, 2022 Order is denied.

**B. Motion for a Stay**

Given the Court's disposition of Plaintiffs' appeal of Magistrate Judge King's August 22, 2022 Order, Plaintiffs' Motion for a Stay of that Order is moot.

IV. **CONCLUSION**

For the reasons set forth herein, the Court **DENIES** Plaintiffs' Appeal of Magistrate Judge's Order, (ECF No. 219), and Motion for a Stay, (ECF No. 220). An appropriate Order accompanies this Opinion.

*Christine P. O'Hearn*
**Christine P. O'Hearn**
**United States District Judge**