[ECF Nos. 228, 235]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **WYKEYA WILLIAMS et al.,** individually and in their own right, and as Parents and Natural Guardians on behalf of L.H. (a Minor son) and L.H. (a Minor daughter),<br><br>**Plaintiffs,**<br><br>v.<br><br>**FIRST STUDENT, INC. et al.,**<br><br>**Defendants.** | Civil No. 20-1176 (CPO/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Compel the Draft Report of Defendant First Student, Inc.'s Testifying Expert [ECF No. 228] filed by Plaintiffs Wykeya Williams and Lamont W. Hannah, individually and in their own right, and as parents and natural guardians on behalf of L.H. (a minor son) and L.H. (a minor daughter) (collectively, "Plaintiffs"). The Court received Defendant First Student, Inc.'s opposition [ECF No. 234] and Cross-Motion for a Protective Order [ECF No. 235]. The Court also received Plaintiffs' Reply to Defendant's Cross-Motion [ECF No. 237]. The Court exercises its discretion to decide the motions without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part and Defendant's cross-motion is **DENIED**.

I. **BACKGROUND**

The instant action arises out of an incident that occurred on October 26, 2017, in Camden, New Jersey, wherein Plaintiff L.H. (a minor son) was struck by a McGough Bus Company school bus ("McGough Bus") after exiting another school bus owned and operated by Defendant.

Mondora Cert. ¶ 4 [ECF No. 234-2]. As a result, L.H. suffered serious injuries that ultimately necessitated the amputation of his right leg. *See* Compl. ¶¶ 10-16 [ECF No. 1]. At the time of the incident, L.H. was six (6) years old.

During the course of litigation, the parties obtained video footage from McGough Bus. Def.'s Br. at 6 [ECF No. 234-1]. Defendant retained the services of Stephen Emolo, an accident reconstruction expert of SKE Forensic Consultants, LLC and Adam Cybanski, a video analysis expert of Gyro Flight and Safety Analysis. Defendant asserts that these experts were hired to "assist with formulating its defenses and opinions from the McGough bus video." *Id.*; *see also* Mondora Cert. ¶ 10 [ECF No. 234-2]. On February 7, 2022, Cybanski issued his expert report ("Cybanski Report") [ECF No. 234-9]. On February 9, 2022, Emolo issued his expert report ("Emolo Report") [ECF No. 234-10]. In preparing his report, Emolo reviewed the Cybanski Report. *See* Emolo Report at 6 [ECF 234-10].

On May 24, 2022, Plaintiffs deposed Emolo. Emolo initially testified that he did not recall if he received a draft of Cybanski's report before making his final opinions. He subsequently testified inconsistently that the first report he read was not the last report he read, but also that the first report he read was the last report he read. He testified as follows:

> Q: So when did you read Mr. [Cybanski]'s opinions?
> A: I don't remember exactly when I read them.
> Q: Well I assume you read only his final draft report, correct? Or his final report, correct? You didn't read drafts of them or anything I would assume.
> A: I don't recall if I had a draft. I know I read his final report, yes.
> . . .
> Q: The first one you read, is that the last one you read?
> A: No.
> Q: You understand what I'm asking, sir?
> A: No, I don't.
> Q: Did you ever read more than one version of his report?
> A: Again, I don't recall if he ever sent a draft report to my office. It may have been online or something I read it. But I read his final report.
> . . .

2

> Q: My question to you is, did you base your opinions off of his final report or did you review something other than his final report, *i.e.,* a draft report, whatever we want to call it, before you made your final opinions?
> . . .
> A: I based my opinions off his final report.
> Q: [T]his is why I say was the first one you read the last one you read, *i.e.*, did someone hand you a copy of it and then that's the one that you went off of, right?
> A: I got the copy of his report e-mailed.
> Q: Right. And you never received an e-mail before that [with] another report or anything like that, is that fair?
> A: I did not, no.
> Q: Okay, right. So that means the first one you read was the last one. That's the short way of saying it, right?
> A: Okay.
> Q: We can agree there?
> A: Yeah.

Emolo Dep. 260:13 – 263:16 [ECF No. 228-5]. On September 9, 2022, Plaintiffs took Cybanski's deposition. At this deposition, Cybanski testified that he provided drafts of his expert report to Michael DiCiccio of SKE Forensic Consultants, LLC ("SKE"), the same consulting firm with which Emolo is affiliated. *See* Cybanski Dep. 7:9 – 13:5 [ECF No. 234-12]. After a series of privilege-related objections concerning Cybanski's draft reports, the deposition was abruptly terminated. Cybanski's deposition transcript contained thirteen pages of testimony. [ECF No. 234-12]. With leave of Court, Plaintiffs filed the instant motion to (1) compel the production of Cybanski's draft report and corresponding communications with Emolo; (2) to compel Defendant to produce Cybanksi and Emolo for re-depositions; and (3) for sanctions associated with re-deposing both expert witnesses and for filing the motion to compel. *See* Pls.' Br. at 3. [ECF No. 228-1].

Plaintiffs argue that they are entitled to the draft report and corresponding communications Cybanski provided to SKE. They rely on Rule 26, which requires that an expert report provide the facts and data considered by the expert witness in forming his opinion. *See* Pls.' Br. at 6. Plaintiffs further argue that any privilege associated with the draft report was lost once Cybanski

3

provided the draft report to SKE. *See id.* at 13.  Defendant opposes Plaintiffs' motion, contending that Cybanski served dual roles.  Defendant contends that Cybanski was initially retained through SKE in December 2020 as a consulting expert to "provide information and answer counsel's questions with regard to [the] video . . . and to assist [Defendant], its counsel, and its accident reconstruction expert Emolo to develop its defense theories." Def.'s Br. at 3; Mondora Cert. ¶ 19. Defendant further contends that Cybanski was subsequently retained as an expert "independent of SKE, to assist [Defendant] . . . as a testifying expert." *Id.* at 8.  Defendant states that during Cybanski's work as a consultant, he corresponded directly with Michael DiCicco of SKE, where he "exchanged initial draft reports regarding his [c]onsulting [o]pinion work with SKE." Mondora Cert. ¶ 15.  Defendant contends that Cybanski's draft reports were prepared in his capacity as a consulting expert, and are therefore protected by the work-product doctrine. *See* Def.'s Br. at 18–22.

Defendant further seeks a protective order for the "[c]onsulting [o]pinion work," including communications and  drafts occurring from August 2020 to October 2020. *Id.* at 6.

## II.   DISCUSSION

### A.  Cybanski's Draft Reports

Rule 26(a)(2)(A) provides that "a party must disclose to the other parties, the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A).  If the witness is retained to provide expert testimony, Rule 26(a)(2)(B) requires that the disclosure be accompanied by an expert report that contains, *inter alia*, "the facts or data considered by the witness in forming [the expert's opinions]." FED. R. CIV. P. 26(a)(2)(B).  Here, Cybanski testified that he provided draft reports to SKE.  Defendant's privilege log confirms Cybanski provided four draft consulting reports to SKE between September

4

7, 2020 to October 9, 2020. *See* Def.'s Privilege Log at 4–6. [ECF No. 234-6]. Plaintiffs contend that these reports are discoverable as they were considered by Emolo in the preparation of his expert report. Defendant counters that the draft reports are work-product and therefore not discoverable. It contends that Cybanski acted in a dual capacity—as a consulting and testifying expert. *See* Def.'s Br. at 24. Defendant argues that at the time Cybanski disclosed the draft reports to SKE, Cybanski and Emolo were consulting experts retained in anticipation of litigation. Defendant further argues that Emolo did not consider Cybanski's draft reports in reaching the opinions contained in Emolo's Report.

Rule 26(b)(4)(D) provides, "[o]rdinarily, a party may not . . . discover facts known or opinions held by an expert who has been retained or specially employed by another in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." FED. R. CIV. P. 26(b)(4)(D). When the consulting expert privilege is properly invoked, the expert's materials are discoverable only upon a "showing [of] exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." FED. R. CIV. P. 26(b)(4)(B)(ii). "In cases involving a 'dual hat' expert, privilege applies only [to] those materials generated or considered uniquely in the expert's role as consultant." *Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC,* No. 15-915, 2017 WL 6328149, at *2 (D. Del. Dec. 11, 2017) (alteration in original) (quotation omitted). "The party resisting disclosure of the documents must demonstrate that 'the information considered for consulting expert purposes was not also considered pursuant to the expert's testifying function.' In other words, 'a clear distinction must be made between documents the expert considered in his role as a consultant and those he considered in his role as a testifying expert.'" *Id.* (citations omitted). "'[I]f the subject matter of the materials sought to be protected relates to the facts and

5

opinions the expert expresses in his report, a court should order disclosure when there is at least an ambiguity as to whether the materials informed the expert's opinion.' *Id*. When 'the subject matter [in the material at issue] directly relates to an opinion in the expert's report, there will be an ambiguity.'" *Id.* (citations omitted).

The *Ansell* holding on dual-capacity experts was followed in the Northern District of Mississippi, where the District Court held "[t]his Court sees no reason to depart from the rule that where an expert has been dually designated, one designation does not act to shield otherwise discoverable material under the designation. Accordingly, where, as here, an expert has been designated under both 26(a)(2)(B) and 26(a)(2)(C), the protections afforded to the witness by his designation under Rule 26(a)(2)(B) do not prohibit disclosure of material discoverable by reason of his designation under Rule 26(a)(2)(C)." *Cooper v. Meritor, Inc.*, No. 4:16-52, 2018 WL 2223325, at *7 (N.D. Miss. May 15, 2018). In other words, "where an expert has been dually designated as consulting and testifying, a party is entitled to discover any documents they would be entitled to *because of the testifying expert designation*, even if such documents would ordinarily be shielded from discovery under Rule 26(b)(4)(D)'s protections for consulting experts. *Id.* (emphasis in original) (citation omitted).

Here, the information considered by Cybanski as a consulting expert was not considered uniquely in his role as a consulting expert. In his consulting capacity, Defendant hired Cybanski to "assist with formulating its defenses and opinions from the McGough bus video." Def.'s Br. at 3. Similarly, as a testifying expert, Cybanski "was asked to review bus camera videos showing movement down a road and determine what quantitative data could be extracted from the videos." Cybanski's Expert Report at 2 [ECF No. 234-9]. In both capacities as a consulting expert and a testifying expert, Cybanski was tasked with reviewing bus camera videos. Since the review of the

school bus videos was the crux of Cybanski's retention as both a consulting and testifying expert, it is difficult to believe that his opinions as a consulting expert did not inform his opinion as a testifying expert. *See Ansell*, 2017 WL 6328149, at *3 ("Since the information considered by Mr. Hansen for his consulting role included . . . information relevant to the current case, it is difficult, if not impossible, to believe that it did not inform the opinions in his testifying expert report."). To the extent the subject matter of review in Cybanski's capacities as consulting and testifying expert are the same, ambiguity exists and disclosure is warranted. *See Robocast v. Apple*, Nos. 11-235; 10-1055, 2013 WL 12155813, at *3 (D. Del. Sept. 18, 2013). Here, Defendant failed to meet its burden of demonstrating that the information considered by Cybanski for consulting expert purposes was different than the information Cybanski considered as a testifying expert. Accordingly, Cybanski's draft reports disclosed to SKE are not protected by the work-product privilege.[1]

Defendant also argues that Cybanski's draft reports are not discoverable as they were not considered by Emolo in rendering his opinions. Defendant relies on Emolo's testimony that he considered only Cybanski's final report in reaching his expert opinions. Plaintiffs contend that these reports are discoverable as they were considered by Emolo in the preparation of his expert report. Pursuant to Rule 26(a)(2)(B), testifying expert witnesses must provide a report disclosing "the facts or data considered by the witness in forming" their opinions. FED. R. CIV. P.

---

[1] In its 35-page brief, Defendant cites a single case, *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 293 F.R.D. 568 (S.D.N.Y. 2013) to support its dual capacity argument. Defendant writes, "'[i]n some cases, the rules applicable to consulting and testifying experts overlap or conflict.' . . . When this occurs, it is the 'factual materials considered by testifying experts in forming their opinions [that] are not protected work-product.'" Def.'s Br. at 24, *citing MTBE*, 293 F.R.D. at 575. Defendant nevertheless omits the sentence following its MTBE citation, which states "[f]or this reason, tendering materials generated by a consulting expert to a testifying expert may waive that protection." *MTBE*, 293 F.R.D. at 568 (citation omitted).

26(a)(2)(B)(ii). "The term 'considered' is broadly interpreted, and the party sponsoring the witness must disclose the materials considered by, presented to, or relied upon by a testifying expert in forming his or her opinions," even if such materials are otherwise privileged. *Chinitz v. Intero Real Est. Servs.*, No. 18-05623, 2020 WL 7391299, at *4 (N.D. Cal. July 22, 2020) (citation omitted); *see Am.'s Collectibles Network, Inc. v. Sterling Com. (Am.), Inc.*, 2017 WL 2602980, at *3 (E.D. Tenn. Apr. 18, 2017) (citation omitted) (defining "considered" for Rule 26 purposes as "anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed").

A majority of courts have taken the "pro-discovery" position that "pursuant to Rule 26(a)(2)(B), a party must disclose all information provided to its testifying expert for consideration in the expert's report." *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 463 (E.D. Pa. 2005); *see F.T.C. v. Lane-Labs, USA, Inc.*, No. 00–3174, 2008 WL 4003927, at *1 (D.N.J. Aug. 25, 2008) (citations omitted) ("Although the case law is not uniform, the overwhelming majority of courts have required the production of any information considered by a testifying expert in reaching his or her opinion, regardless of any privilege that may otherwise exist."); *Beachfront N. Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 14-6706, 2015 WL 4663429, at *3 (D.N.J. Aug. 5, 2015); *see also Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 714 (6th Cir. 2006) (finding Rule 26 creates a bright-line rule requiring disclosure of all documents provided to testifying experts); *Dyson Tech. Ltd. v. Maytag Corp.*, 241 F.R.D. 247, 251 (D. Del. 2007) (holding a party is entitled to production of information considered by a testifying expert in formulating his or her opinion, including all information he or she reviewed, reflected upon, read and/or used).

The *Synthes Spine* decision explains "this bright-line rule serves important policy considerations, including the facilitation of effective cross-examination and the resolution of

uncertainty as to the discoverability of documentation divulged to a testifying expert." *Synthes Spine*, 232 F.R.D. at 464. Further, it also applied a broad definition of "considered" under Rule 26(a)(2)(B), requiring the disclosure of all information a testifying expert "generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected." *Id.* at 463.

The Court adopts the majority view regarding expert disclosures under Rule 26(a)(2)(B). The Court also adopts the definition of "considered" from *Synthes Spine*. These holdings comport with the comments to Rule 26 and are consistent with the plain language and spirit of the Rule. Notwithstanding Emolo's inconsistent testimony as to whether he received a draft copy of Cybanski's report, it is undisputed that Cybanski provided this draft report to Michael DiCicco, Emolo's colleague and consultant affiliated with Emolo's firm. Based on the broad definition of "considered," outlined in *Synthesis Spine*, the Court finds that Emolo considered Cybanski's draft reports in rendering Emolo's opinion. Accordingly, Rule 26(a)(2)(B) requires the disclosure of all four draft reports Cybanski provided to SKE.

### B. Email Communications Between Cybanski and SKE

Defendant seeks a protective order for corresponding communications from Cybanski's 2020 consulting work, contending that the communications are protected by the consulting expert privilege and that they contain "mental impressions and opinions of counsel and [Defendant]'s experts." Def.'s Br. at 18–19. Defendant's privilege log describes various email communications between Cybanski and SKE.

Rule 26 allows a Court to issue protective orders to shield materials from disclosure. *See* FED. R. CIV. P. 26(c). A party moving for a protective order on the basis of privilege bears the burden of demonstrating that the privilege applies. *See Occidental Chem. Corp. v. 21st Century*

9

*Fox Am., Inc.*, No. 18-11273, 2022 WL 2116844, at 10 (D.N.J. June 13, 2022) ("The Federal Rules of Civil Procedure are clear. The burden is on the moving party to demonstrate that a particular privilege attaches to warrant the entry of a protective order.")  For the reasons stated above, Defendant failed to meet its burden of demonstrating that work-product privilege applies to communications that Cybanski exchanged with Emolo.  Accordingly, the email communications described in Defendant's privilege log must be disclosed to Plaintiffs.

### C.  Plaintiffs' Request for Re-Depositions of Emolo and Cybanski.

To the extent Emolo's inconsistent testimony as to whether he received Cybanski's draft report was clarified by the subsequent testimony of Cybanski and by the disclosure of Defendant's privilege log, Plaintiffs are permitted to re-depose Emolo, limited in scope to examination relating to the draft reports and email communications provided by Cybanski to Emolo.  To the extent Cybanski's deposition was terminated shortly after it began, Plaintiffs are permitted to re-depose Cybanski.

### D.  Plaintiffs' Request for Sanctions

Plaintiffs additionally seek sanctions for the time, costs, and expenses incurred in filing their motion, taking Cybanski's September 9, 2022 deposition, and re-deposing Emolo and Cybanski.  Sanctions related to a successful motion to compel are provided for in Federal Rule of Civil Procedure 37 and within the discretion of the Court.  *See Glazewski v. Corzine*, No. 06-4107, 2008 WL 538810, at *1 (D.N.J. Dec. 22, 2008) (internal citation and quotation omitted) ("Sanctions and award of expenses under Rule 37 is a matter entrusted to the sound discretion of the district court.").  Rule 37, in relevant part, provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

      incurred in making the motion, including attorney's fees. But the court must not order this payment if: the opposing party's nondisclosure, response, or objection was substantially justified.

FED. R. CIV. P. 37(a)(5)(A)(ii). "A party's nondisclosure, response or opposition is 'substantially justified' if the motion raised an issue 'about which reasonable men could genuinely differ on whether a party was bound to comply with a discovery rule.'" *800 Cooper Fin., LLC v. Liu*, No. 16-736, 2022 WL 17486344, at *6 n.10 (D.N.J. Dec. 7, 2022) (quoting 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE 790 (1970)); *see Pierce v. Underwood*, 487 U.S. 552, 553 (1988) (determining that "substantially justified" means "justified to a degree that could satisfy a reasonable person"). The Court finds that Defendant's nondisclosure on the basis of the work-product doctrine and assertion of the consulting expert privilege, while ultimately unsuccessful, was substantially justified. Therefore, the Court will deny Plaintiffs' request for sanctions.

### III.  CONCLUSION

      Accordingly, for all the foregoing reasons,

      **IT IS HEREBY ORDERED** this **17th** day of **February**, **2023**, that Plaintiffs' Motion to Compel the Draft Report of Defendant First Student, Inc.'s Testifying Expert [ECF No. 228] is **GRANTED** in part and **DENIED** in part; and it is further

      **ORDERED** that Defendant shall produce all four draft reports that Adam Cybanski shared with SKE Forensic Consultants, LLC no later than February 24, 2023; and it is further

      **ORDERED** that Defendant shall produce Adam Cybanski's email communications to SKE no later than February 24, 2023; and it is further

      **ORDERED** that Plaintiffs may re-depose Adam Cybanski and Stephen Emolo by March 17, 2023; and it is further

**ORDERED** that Plaintiffs' request for sanctions is **DENIED**; and it is further

**ORDERED** that Defendant's Cross-Motion for a Protective Order [ECF No. 235] is **DENIED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:   Hon. Christine P. O'Hearn, U.S.D.J.