[ECF No. 281]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| **WYKEYA WILLIAMS et al.,**<br><br>    **Plaintiffs,**<br><br>  **v.**<br><br>**FIRST STUDENT INC.,**<br><br>    **Defendant.** | **Civil No. 20-1176 (CPO/SAK)** |

### OPINION

This matter is before the Court on the Motion for Sanctions for Spoliation of Video Evidence [ECF No. 281] filed by Plaintiffs Wykeya Williams and Lamont W. Hannah, individually and in their own rights, and as parents and natural guardians on behalf of Plaintiff L.H. (minor son) and Plaintiff L.H. (minor daughter) (collectively, "Plaintiffs"). The Court considered Plaintiffs' moving papers [ECF No. 281] and Defendant's opposition [ECF No. 290]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, this motion is **DENIED**.

I.     **BACKGROUND**

This action arises out of an incident that occurred on October 26, 2017, in Camden, New Jersey. On that date, both minor plaintiffs were passengers in a school bus owned and operated by Defendant. *See* Compl. ¶ 10. [ECF No. 1] After exiting Defendant's school bus, the minor son was struck and injured by a school bus owned by McGough Bus Company. *See* Compl. ¶¶ 10-16. [ECF No. 1]. As a result, the minor son suffered serious injuries that ultimately necessitated the

amputation of his right leg. *Id.* At the time of the incident, the minor son was six (6) years old. *See* Pls. Br. 2.

Plaintiffs allege that central to this litigation is the concept of a "'Danger Zone,' consisting of the area around a school bus, particularly in the rear of the bus, where drivers have no visibility." *Id.* They allege that Defendant's school bus driver allowed children to "cross the street behind his bus, and [] failed to ensure the Danger Zone was clear before lowering his stop signs and disengaging his flashing lights." Pls. Br. 2.

On November 20, 2017, less than one month after the accident, Plaintiffs' counsel and their experts inspected the First Student Bus and unsuccessfully attempted to retrieve video from the bus hard drive. Def. Br. 9. Defendant asserts that the bus camera had malfunctioned approximately three weeks before the accident, so there was no video to retrieve. *Id.* On March 22, 2020, Defendant shipped the hard drive to Plaintiffs' expert, Scott Greene ("Greene"), who conducted "thorough forensic examinations" of the hard drive. Pls. Br. 4, 10. Plaintiffs contend that "the hard drive had been modified," relying on Greene's conclusion that "[t]he 'RECYCLE.BIN' folder was altered at approximately 6:14 am on 10/27/2017, the day after the accident." Pls. Br. 12. Greene concluded that "[t]he engagement of the 'RECYCLE.BIN' at 6:14 am on 10/27/2017 would have occurred as the result of intentional steps taken by an end user." *Id.* He reasoned that "[n]o reasonable explanation exists for the change of the date on the '!RECYCLE.BIN' aside from deletion of information from the hard drive." *Id.* at 13.

Plaintiffs also deposed three First Student employees who had access to the hard drive shortly after the accident—Operations Supervisor Pamela Lebednikas, Safety Manager Frederick Mazzeo, and Location Manager Marianne Marghella. *Id.* at 5-10. All three employees testified that they had unsuccessfully attempted to access the hard drive. *Id.* Mazzeo also testified that the

first attempt to access the hard drive was made by Lebednikas on October 26, 2017, followed by Mazzeo on October 27, 2017, and then by Marghella, after 9:00 am on the morning of October 27, 2017. *Id.* at 6.

Defendant retained the expert services of Thomas Kiernan ("Kiernan") to rebut the opinions of Greene. Before expressing his opinions, Kiernan described the function of the "root directory." Def. Br. ¶ 7. He stated, "[t]he root directory of the FAT32 file system acts as the table of contents of a book, to name the file and identify where on the hard drive the file data is stored." *Id.* ¶ 4. Defendant asserts that the "!RECYCLE.BIN item referenced in plaintiffs' motion is an entry in the [hard drive's] root directory." *Id.* Citing to Greene's deposition testimony, Defendant states it is undisputed that the hard drive was full, with no empty disc space. *Id.* ¶ 9; *see also* Greene Dep. 71:12-21. Defendant seeks to refute Greene's conclusions with Kiernan opinions that "[i]f an external hard drive is full, the Recycle Bin folder cannot be created, and so the root directory would be updated with the 'RECYCLE.BIN' entry. . . .The '!' character represents the failure, due to lack of available space on the hard drive, to create the Recycle Bin folder. . . . It does not represent the deletion of any video files or any intentional action by the user – it simply demonstrates an automatic process." Def. Br. ¶¶ 5, 10-12.

Plaintiffs filed the instant motion, contending that "[t]he universe of facts and circumstantial evidence provides clear and convincing support for the conclusion that First Student intentionally altered the hard drive." Pls. Br. 17. Plaintiffs seek sanctions in the form of a default judgment pursuant to Rule 37(e)(2), spoliation jury instruction, adverse inference, or exclusion of expert testimony regarding the position of the bus or the children during the collision. *Id.* at 20–25.

## DISCUSSION

### A. Legal Standard

Spoliation of evidence traditionally occurs where evidence is either altered or destroyed.

*See Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). In the context of spoliation

of electronically stored information ("ESI"), Federal Rule of Civil Procedure 37(e) applies. Rule

37(e) specifically provides as follows:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored
> information that should have been preserved in the anticipation or conduct of
> litigation is lost because a party failed to take reasonable steps to preserve it,
> and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may
> > order measures no greater than necessary to cure the prejudice; or
> >
> > (2) only upon finding that the party acted with the intent to deprive another
> > party of the information's use in the litigation may:
> >
> > > (A) presume that the lost information was unfavorable to the party;
> > >
> > > (B) instruct the jury that it may or must presume the information was
> > > unfavorable to the party; or
> > >
> > > (C) dismiss the action or enter a default judgment.

"It is self-evident that in order to obtain [] sanctions pursuant to Rule 37(e) spoliation must occur."

*Kavanagh v. Refac Optical Grp.*, No. 15-4886, 2017 WL 6395848, at *2 (D.N.J. Dec. 14, 2017).

To prove spoliation occurred, the moving party must prove that ESI was "lost." *See id.* (citations

omitted) (noting, "the Court finds defendants did not prove that any recordings made by plaintiff

or Milavec were lost, destroyed or edited."). In other words, the moving party bears the burden of

proof in establishing that the evidence at issue actually existed.[1] *See Eur. v. Equinox Holdings,*

---

[1] As to the applicable burden of proof, *compare Cat3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d
488, 498–99 (S.D.N.Y. 2016) (discussing the relevant case law and applying a clear and
convincing standard), *with Friedman v. Phila. Parking Auth.*, No. 14-6071, 2016 WL 6247470, at

*Inc.*, 592 F. Supp. 3d 167, 175–76 (S.D.N.Y. 2022) (citation omitted) ("As a threshold matter, 'a party seeking spoliation sanctions must necessarily show that the evidence at issue actually existed.'"); *see also Friedman v. Phila. Parking Auth.*, No. 14-6071, 2016 WL 6247470 (E.D. Pa. Mar. 10, 2016) (denying a motion for spoliation sanctions where movant failed to specifically identify any lost information).

### B.    Analysis

Plaintiffs argue that "[t]he universe of facts and circumstantial evidence provides clear and convincing support for the conclusion that First Student intentionally altered the hard drive." Pls. Br. 17. Defendant, on the other hand, argues that Plaintiffs lack any evidence of spoliation. *See* Def. Br. 13. While Plaintiffs rely on Greene for the proposition that video evidence was destroyed, Defendant relies on Kiernan for the proposition that video recording for the date of the accident never existed. Weighing the facts and circumstantial evidence advanced by Plaintiffs, against those advanced by Defendant, the Court finds that Plaintiffs fail to satisfy their burden of establishing spoliation under Rule 37(e). Simply put, they failed to establish—by either clear and convincing or preponderance of the evidence standard—that  video evidence from the day of the accident existed. Consequently, the purported evidence is incapable of being lost or destroyed.

To support their spoliation claim, Plaintiffs rely extensively on Greene's conclusion that "[t]he 'RECYCLE.BIN' folder was altered at approximately 6:14 am on 10/27/2017, the day after the accident." Pls. Br. 12. They rely on Greene's further conclusion that "[t]he engagement of the 'RECYCLE.BIN' at 6:14 am . . . would have occurred as the result of intentional steps taken by

---

*6–7 (E.D. Pa. Mar. 10, 2016) (recognizing the *Cat3, LLC* case and applying a preponderance of the evidence standard).  The Court does not have to decide which standard of proof applies, however, since Plaintiffs fail to satisfy either burden of proof. *See, e.g., Kavanagh*, 2017 WL 6395848, at *2 n.5.

an end user. . . No reasonable explanation exists for the change of the date on the '!RECYCLE.BIN' aside from deletion of information from the hard drive." *Id.* Notwithstanding these conclusions, Green testified at deposition, that he did not have any evidence that a video file was deleted from the hard drive. *See* Greene Dep. 100:2-3; *see also* Def. Br. 7.

Defendant asserts that it is undisputed that the hard drive was full, with no empty disc space. Def. Br. ¶ 11. Contrary to Greene's opinions, Kiernan opined that "[i]f an external hard drive is full, the Recycle Bin folder cannot be created, and so the root directory would be updated with the 'RECYCLE.BIN' entry. . . . The '!' character represents the failure, due to lack of available space on the hard drive, to create the Recycle Bin folder. . . . It does not represent the deletion of any video files or any intentional action by the user – it simply demonstrates an automatic process." *Id.* at 5. Kiernan therefore disagrees with Greene's conclusion that any video files were deleted from the First Student Bus hard drive.

The testimony provided by First Student employees—Lebednikas, Mazzeo, and Marghella—also do not support Plaintiffs' contention that a video recording on the day of the accident existed. All three employees testified that they had unsuccessfully attempted to access the hard drive. *See* Mazzeo Dep. 29:5-9; Lebednikas Dep. 26:5-6; Marghella Dep. 18:1-3. Significantly, Lebednikas attempted to access the hard drive on the day of the accident—prior to the alleged deletion at 6:14 am the following morning. *See* Lebednikas Dep. 26:5-6. She testified she was unable to access this drive. *See id.* In the absence of sufficient evidence that a video existed, Plaintiff is unable to establish spoliation. *Jutrowski v. Twp. of Riverdale*, No. CV 13-7351, 2017 WL 1395484, at *5 (D.N.J. Apr. 17, 2017), *aff'd in part, rev'd in part and remanded,* 904 F.3d 280 (3d Cir. 2018) (finding "[a]lthough a spoliation inference maybe an appropriate sanction if the Riverdale Defendants actually destroyed the recording, Plaintiff's argument fails on a more

fundamental level—Plaintiff fails to provide sufficient evidence demonstrating that the video actually existed. Plaintiff needed to do more here to establish spoliation."). Having failed to establish the existence of video recordings from the day of the accident, Plaintiffs necessarily fail to establish spoliation occurred. Accordingly, spoliation sanctions are unwarranted.

## II.   <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **15th** day of **March, 2024**, that Plaintiffs' Motion for Sanctions for Spoliation of Video Evidence [ECF No. 281] is **DENIED**.

An appropriate Order has been entered.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge


cc:  Hon. Christine P. O'Hearn, U.S.D.J.